IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON M. STEVENS,<br>            Plaintiff<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security,<br>            Defendant. | C.A. No. 08-18 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.     RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss [Document # 6] be granted.

## II.    REPORT

### A.    Relevant Procedural and Factual History

Plaintiff Brandon M. Stevens ("Stevens") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the dismissal of his request for a hearing before an Administrative Law Judge ("ALJ"). Stevens filed an application for supplemental security income ("SSI") on April 3, 2003. His application was denied initially on September 2, 2005, and upon reconsideration on April 11, 2006. Plaintiff then filed a request for a hearing before an ALJ on May 27, 2006. (See Declaration of Marian Jones of the Social Security Administration's Office of Disability Adjudication and Review ("Jones Declaration") attached to Document # 7, Defendants' Brief, at ¶ 3(a) and Exhibit 3).

On October 17, 2006, Plaintiff was sent a Notice of Hearing - Redetermination advising him that an ALJ hearing was scheduled to be held on November 14, 2006. (Jones Declaration at ¶ 3(c)). However, Stevens failed to appear at the scheduled hearing. As a result, on January 6, 2007, a Notice to Show Cause for Failure to Appear was sent to Stevens requesting a written statement by January 21, 2007, providing a good reason for his failure to appear at the scheduled

hearing. (Id.).[1]  Apparently, Stevens never responded to this Notice because, on January 26, 2007, the ALJ issued a Notice of Dismissal of Stevens' request for a hearing due to his failure to show good cause for failing to appear at the scheduled hearing. (Jones Declaration at ¶ 3(d) and Exhibit 7).  In the Notice of Dismissal, Stevens was advised of his right to file a request for review with the Social Security Administration's Appeals Council ("Appeals Council") within 60 days from the date of receipt of the Notice. (Id.).

On February 23, 2007, Stevens filed a request for review of the ALJ's dismissal with the Appeals Council, and requested an additional sixty days to submit evidence and argument. (Jones Declaration at ¶ 3(e) and Exhibit 8).  By letter dated June 27, 2007, the Appeals Council granted Stevens 25 days from the date of the letter to submit evidence or a statement about the facts and law in his case. (Jones Declaration at ¶ 3(f) and Exhibit 9).  "To the best of [Jones'] knowledge and belief no evidence or statement about the facts and the law in this case was received." (Jones Declaration at ¶ 9).  As a result, on November 16, 2007, the Appeals Council issued a Notice of Appeals Council Action denying Stevens' request for review. (Jones Declaration at ¶ 3(g) and Exhibit 10).  Stevens subsequently filed the instant action on January 17, 2008.

Defendant has filed a motion to dismiss [Document # 6] asserting that this Court lacks subject matter jurisdiction to hear Stevens' appeal because there has been no "final decision after a hearing," as required by the Social Security Act.  Stevens' has failed to file a response to Defendant's motion, despite being granted an extension of time to do so by June 5, 2008. (See Document # 9).  This matter is now ripe for consideration

---

[1] A notice from the Postmaster in Franklin, Pennsylvania, was returned on January 16, 2007, verifying that the Notice to Show Cause had been delivered to Stevens' last known address. (Jones Declaration at ¶ 3(c) and Exhibit 6).

2

**B.     Standard of Review**

**1.     Subject Matter Jurisdiction - F.R.C.P. 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891.  Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations

regarding subject matter jurisdiction.

## 2. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

**C.     Discussion**

42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act:

> Any individual, **after any final decision of the Commissioner of Social Security made after a hearing to which he was a party**, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

(Emphasis added).

42 U.S.C. § 405(h) provides further that:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. **No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.**

(Emphasis added).

Under the Social Security Act, and its implementing regulations, a four-step administrative review process must be completed before a claimant receives a judicially reviewable "final decision." 20 C.F.R. § 416.1400. First, a claimant must receive an initial determination. 20 C.F.R. §§ 416.1400(a)(1) and 1402. Second, if dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. §§ 416.1400(a)(2) and 1407. Third, if dissatisfied with the reconsideration determination, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§ 416.1400(a)(3) and 1429. Fourth, if dissatisfied with the ALJ's decision, the claimant may request the SSA's Appeals Council to review the ALJ's decision. 20 C.F.R. §§ 416.1400(a)(4) and 1467. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the Commissioner's final decision, or the Appeals Council may grant the request and issue its own decision, which then becomes the Commissioner's final decision. Only after a final decision is reached may a claimant then seek judicial review by commencing an action in federal district court within sixty days after receiving notice of the Appeals Council's decision. 20 C.F.R. §§ 1416.1400(a)(5) and 1481.

5

It bears repeating that Section 405(g) of the Social Security Act conditions federal court review upon the Commissioner's issuance of a final decision "made after a hearing." Here, Stevens seeks review of the Appeals Council's denial of his request for review of the dismissal of his request for a hearing based upon his failure to appear at the scheduled ALJ hearing. Thus, we are not presented with a final decision "made after a hearing," since a hearing was never held. In a virtually identical case involving the dismissal of a claimant's request for a hearing after the claimant failed to present good cause for his failure to appear at a scheduled ALJ hearing, the United States District Court for the Eastern District of Pennsylvania concluded that it had no jurisdiction to review the dismissal because it was not a final decision made after a hearing. Bing v. Barnhart, 2005 WL 165380 (E.D.Pa. Jan. 20, 2005). In doing so, the Eastern District Court cited the similar case of Brittingham v. Barnhart, 2003 WL 22740882 (D.Del. Nov. 17, 2003), in which the Delaware District Court recognized: "that such denials are not subject to judicial review is ... confirmed by 20 C.F.R. § 404.959, which states that '[t]he dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council.'" Brittingham at * 3.

As noted by the Eastern District Court in Bing, however, a contrary decision was reached by the United States District Court for the Western District of Pennsylvania in Granberg v. Bowen, 716 F.Supp. 874 (W.D.Pa. 1989). In Granberg, the Western District Court was faced with substantially similar facts to those presented here and in Bing. Specifically, the claimant in Granberg also had requested an ALJ hearing after his claim was denied initially, but later failed to appear at the scheduled hearing and was thereafter served with a Notice to Show Cause for Failure to Appear. Id. at 875. Unlike Stevens in the instant case, the claimant's attorney in Granberg immediately responded to the show cause notice, explaining that he had neglected to file for a continuance of the hearing on claimant's behalf, and requesting another hearing. Id. Nevertheless, the ALJ refused to grant a second hearing and dismissed the original request for a hearing, finding that the claimant failed to show good cause for his failure to appear at the scheduled hearing. Id. As in this case, the Appeals Council in Granberg denied the claimant's request for review of the ALJ's order of dismissal.

6

As here, the Commissioner in Granberg moved for dismissal of the claimant's federal court appeal, arguing that the court was without jurisdiction because there was no final decision made after a hearing. Id. The Granberg court disagreed, however, finding that it had jurisdiction to review the dismissal of the claimant's request for a hearing, based, in part, on its recognition that the Social Security Act "is to be construed liberally to further its remedial purposes." Id at 878 (citation omitted). In this context, the Granberg court found that "an evidentiary hearing is not required before a district court can exercise jurisdiction. Rather, a claimant must present a claim to the Secretary, obtain a final decision and thereafter, exhaust the full set of internal review procedures." Id. at 877 n. 7.

With all due respect, this Court is not inclined to follow the reasoning of the Granberg court, as it appears to fly in the face of the plain language of Section 405(g) of the Social Security, which restricts federal court jurisdiction to a review of "any final decision of the Commissioner of Social Security **made after a hearing to which he was a party....**" 42 U.S.C. § 405(g)(emphasis added).[2] Conversely, the Bing court's reasoning and decision coincide with this Court's interpretation of the jurisdictional requirements of Section 405(g). Accordingly, this Court finds that it lacks jurisdiction to review the ALJ's dismissal of Stevens' request for a hearing, and this case should be dismissed.

Nonetheless, even assuming, *arguendo*, that this Court has jurisdiction to review the dismissal of Stevens' request for a hearing, our review would be "limited to a determination of whether substantial evidence supports the ALJ's decision that [Stevens] failed to show good cause for failing to appear at the scheduled hearing." Granberg, 716 F.Supp. at 878. In this case, such a determination is simple. Since Stevens failed to respond to the show cause notice issued by the ALJ, and later failed to submit a statement or evidence to the Appeals Council, there is nothing in the record before this Court that would contravene the ALJ's order of

---

2

Apparently, this Court is not alone in this regard, as Granberg has not been followed in the nearly twenty years since it was decided. See Bing at * 2.

dismissal. Thus, this Court would recommend dismissal of this case on the merits, in any event.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [Document # 6] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: August 27, 2008

cc:    The Honorable Sean J. McLaughlin
       United States District Judge