IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON M. STEVENS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Civil Action No. 08-18 Erie |

## MEMORANDUM ORDER

Plaintiff, Brandon M. Stevens, brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the dismissal of his request for an administrative hearing relative to his application for supplemental security income ("SSI") benefits. For the reasons set forth below, I will grant the Commissioner's motion to dismiss the action.

## I. BACKGROUND

Stevens protectively filed an application for SSI benefits on April 3, 2003. Following denials of his application both initially and on reconsideration, he filed a request for a hearing before an Administrative Law Judge ("ALJ"). On October 17, 2006, a Notice of Hearing - Redetermination was sent to Stevens' last known address indicating that an ALJ hearing was scheduled for November 14, 2006 and advising him of the time and place. Stevens failed to show for the administrative hearing and, on January 6, 2007, a Notice to Show Cause for Failure to Appear was sent to him requesting that he submit a written statement providing a good reason for his failure to appear at the hearing. On January 16, 2007, a notice from the Postmaster in Franklin, Pennsylvania was returned, indicating that mail was being delivered to Stevens' last known address.

On January 26, 2007, the ALJ issued a Notice of Dismissal of Stevens' request for an administrative hearing. In the Notice of Dismissal, Stevens was advised of his right to file a request for review with the Social Security Administration's Appeals Council within sixty (60) days.

On February 23, 2007, Stevens filed a request for review of the ALJ's dismissal with the Appeals Council and requested an additional 60 days in which to submit evidence and argument. By letter dated June 27, 2007, the Appeals Council granted Stevens an additional 25 days in which to submit evidence or a statement about the facts and law in his case. There is no evidence in the record suggesting that Stevens ever did so.[1] On November 16, 2007, the Appeals Council issued a denial of Stevens' request for review.

Stevens then commenced this action on January 17, 2008 and the case was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. On May 8, 2008, the Commissioner filed a motion [6] to dismiss Stevens' complaint for lack of subject matter jurisdiction.

The chief magistrate judge's report and recommendation, filed on August 29, 2008 [10], recommends that the Commissioner's motion to dismiss be granted. The parties, through their respective counsel, were served electronically on that date and were allowed ten (10) days in which to file objections. No objections were filed.

---

[1] The Commissioner has submitted an affidavit from Marian Jones of the Social Security Administration's Office of Disability Adjudication and Review which states that, "To the best of [Jones'] knowledge and belief no evidence or statement about the facts and the law in this case was received." (Jones Declaration [7-1] at ¶ 9.)

## II.  DISCUSSION

Our jurisdiction in matters pertaining to the Social Security Act is exclusively premised upon § 205(g) of the Act, which provides, in relevant part, that:

> any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).[2]  This jurisdictional provision "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'"  *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The Social Security Act does not define "final decision" but, rather, leaves it to the Commissioner to define the meaning of that term by administrative regulation.  *See Bacon v. Sullivan,* 969 F.3d 1517, 1520 (3d Cir. 1992).

Under the Commissioner's regulations, a "final decision" is one rendered after a claimant has completed a four-step administrative review process set forth in 20 C.F.R. § 416.1400(a) (2008).  *See Callender v. Social Security Administration*, 275 Fed. Appx. 174, 175, 2008 WL 1813150 at *4 (3d Cir. April 23, 2008).  The "final decision" requirement consists of two elements, only one of which – *to wit,* the requirement that a claim for benefits be presented to the Commissioner – is purely "jurisdictional" in the sense that it cannot be waived by the Commissioner.  *See Fitzgerald v. Apfel*, 148 F.3d 232, 234 (3d Cir. 1998) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  The waivable element is the requirement that the administrative remedies prescribed by the Commissioner be exhausted.  *Id*.  If a plaintiff's claim is collateral to her claim for benefits, exhaustion may be waived under certain circumstances.  *Id*.

Here, Stevens' request for an administrative hearing – one of the four steps of the administrative remedies process, *see* 20 C.F.R. § 416.400 (a)(3) – was dismissed due to his failure to appear at the hearing and to provide good cause for his absence.

---

[2] This provision is made applicable to cases involving applications for SSI benefits under Title XVI of the Social Security Act by 42 U.S.C. § 1383(c)(3).

Because no hearing was conducted, no "final decision" has been rendered and this Court therefore lacks jurisdiction.  *See Van Williams v. Social Security Administration*, 152 Fed. Appx. 153, 154 (Oct. 20, 2005) *(per curiam)* (where ALJ dismissed plaintiff's hearing request after plaintiff failed to appear at rescheduled hearing and showed no good cause for his failure to attend, no hearing was conducted and no final decision by the Commissioner had been made); *Pallotta v. Barnhart*, 144 Fed. Appx. 938, 941, 2005 WL 1989601 at **3 (3d Cir. Aug. 18, 2005) (a claimant who is properly notified of a scheduled hearing but fails to appear without good cause has failed to exhaust administrative remedies and is not entitled to judicial review).  *Accord Hoye v. Sullivan*, 985 F.2d 990 (9th Cir. 1992) (*per curiam*) (district court lacked subject matter jurisdiction under § 405(g) where claimant, by refusing to attend scheduled ALJ hearing, waived his opportunity for hearing and failed to exhaust administrative remedies upon which judicial review depends).  *See also* 20 C.F.R. § 416.1459 ("The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council.").

     Nevertheless, the requirement that administrative remedies be exhausted may be waived if the plaintiff's claim is collateral to her claim for benefits and the harm imposed by exhaustion would be irreparable.  *Pallotta*, 144 Fed. Appx. at 940-41, 2005 WL 1989601 at **2 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)); *Fitzgerald*, 148 F.3d at 234.  Colorable claims of constitutional violations, for example, such as due process violations resulting from lack of adequate notice, can confer federal court jurisdiction despite the lack of a final decision.  *See Califano v. Sanders*, 430 U.S. at 108-09; *Bacon*, 969 F.2d at 1521-22; *Van Williams*, 152 Fed. Appx. at 155; *Pallotta, supra*.  Here, however, Stevens has made no claim involving the alleged violation of any constitutional rights that would justify waiving the exhaustion requirement.  Indeed, Stevens has failed even to respond to the Commissioner's motion to dismiss or to object to the Chief Magistrate Judge's Report and Recommendation.

     Accordingly, for the reasons stated herein, and after <u>de novo</u> review of the complaint and documents in the case, together with the report and recommendation,

the following order is entered:

AND NOW, this 24th day of October, 2008, this Court adopts the Recommendation of Chief Magistrate Judge Baxter that the Defendant's motion [6] to dismiss be granted.  Accordingly, IT IS HEREBY ORDERED that said motion be, and hereby is, GRANTED, and the within action is DISMISSED for lack of subject matter jurisdiction.

          s/ <u>SEAN J. McLAUGHLIN</u>
          Sean J. McLaughlin
          United States District Judge

cc:    all parties of record
       Chief U.S. Magistrate Judge Baxter